**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Francisco Arcibal, | Case No. 2:22-cv-01984-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Barbara Schifalacqua, et al., | |
| Defendants. | |

Plaintiff—who is currently detained at High Desert State Prison—submitted an application to proceed *in forma pauperis* (IFP). ECF No. 1.

Under the Local Rules, an incarcerated plaintiff seeking to proceed without paying the filing fee must complete an application to proceed IFP and attach "a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months before the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2) (requiring an incarcerated plaintiff seeking IFP status to submit "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined."). If the plaintiff has been incarcerated at the institution for fewer than six months, the certificate must show the account's activity for the shortened period. LSR 1-2.

Here, Plaintiff's IFP application is incomplete because it lacks a financial certificate from the institution where Plaintiff is detained showing the amount of funds currently in Plaintiff's trust account and the net deposits in the account for the six months preceding Plaintiff's application. Accordingly, the Court will deny Plaintiff's IFP application without prejudice.

In the Court's broad discretion to control its docket, it will screen Plaintiff's complaint at this time, though Plaintiff has not yet submitted a complete IFP application.

## I. Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. Screening the Complaint

Mr. Arcibal alleges that (1) that his criminal case should not have been adjudicated in Nevada (as the acts giving rise to the charges took place in other states) and (2) there is no clear date as to when the acts giving rise to his conviction took place. He claims that he was denied due process of law, as well as the equal protection.

Mr. Arcibal names several defendants: Deputy District Attorney Barbara Schifalacqua, Deputy Public Defender Pandora Leven, and District Court Judge Tierra Jones.

"In order to recover damages under section 1983 for an allegedly unconstitutional conviction or for other harm caused by actions the unlawfulness of which would render a conviction or sentence invalid, a plaintiff must prove that the conviction has been invalidated." *Trimble v. City of Santa Rose*, 49 F.3d 583, 585 (9th Cir. 2004).

Here, a judgment in Plaintiff's favor (finding a violation of due process or equal protection) would necessarily imply the invalidity of his conviction or sentence. However, Plaintiff has not pled whether his conviction or sentence has been reversed or otherwise invalidated. As such, the Court cannot tell if his constitutional claims have accrued yet or are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

If Plaintiff's conviction or sentence has not yet been reversed or invalidated, his constitutional claims must be brought pursuant to a writ of habeas corpus under 28 U.S.C. § 2254. *Milewski v. Kohn*, No. 319CV00095MMDWGC, 2019 WL 1117909, at *2 (D. Nev. Mar. 11, 2019).

If Mr. Arcibal wishes to pursue his claims, he must either (1) file an amended complaint by January 15, 2023 alleging that his underlying conviction or sentence has been invalidated or reversed; or (2) file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 880, 886 (9th Cir. 2004) (en banc). Section 2254 (b) – (d) outlines the various requirements an individual must exhaust before filing such a petition.

**III.   Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice. If Plaintiff chooses to amend his complaint, he must submit a complete IFP application by January 15, 2023.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is dismissed without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint in this case, he must do so by January 15, 2023. In his amended complaint, he must state whether his underlying conviction or sentence has been reversed or invalidated. Failure to comply with this order will result in a recommendation that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff copies of an *in forma pauperis* application for a prisoner, instructions for the same, a blank 28 U.S.C. § 2254 habeas corpus form, and instructions for the same.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file a habeas corpus petition, he must do so in a new case.

DATED: December 12, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE